IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONIA FIGUEROA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| MERRITT HOSPITALITY, LLC, et al., | : | |
| Defendants. | : | No. 11-1807 |

**M E M O R A N D U M**

PRATTER, J.                                                                                                                                    SEPTEMBER 21, 2011

Plaintiff Sonia Figueroa filed suit against her former employer, Defendant Merritt Hospitality LLC (d/b/a Embassy Suites, hereinafter "Embassy"), and Embassy Human Resources Director Timothy McGovern, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.* The case is before the Court on Defendants' motion to dismiss Count III of Ms. Figueroa's Amended Complaint, her FMLA claim, for failure to state a claim.

**I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are drawn from Ms. Figueroa's First Amended Civil Action Complaint and are accepted as true at this stage of the proceedings. Ms. Figueroa was hired by Embassy on May 29, 2009 to work as a Suite Attendant in Embassy's housekeeping department. Throughout her employment with Embassy, Ms. Figueroa suffered from various health issues, including osteoarthritis, tenosynovitis, and "abdominal complications," and periodically took time off from work due to these health issues. As of May 29, 2010, Ms. Figueroa qualified for the protections of the FMLA, having been employed by Embassy for one year and having worked at least 1,250 hours during that year.

At some point in June 2010, because Ms. Figuroa had missed time for health issues in the

past, Timothy McGovern, a director of human resources at Embassy, directed her to fill out an FMLA certification form and provide documentation from her physician regarding what time she might miss in the future due to her health issues.[1]  Ms. Figueroa was told that she could not return to work until she complied with this request.  In response, on June 23, 2010, Ms. Figueroa sent Mr. McGovern an email asking when she could return to work, explaining that she was fully able to work but may need days off in the future should her medical issues flare up, and expressing her confusion as to why she would need to fill out leave of absence forms when she did not believe she needed then a medical leave of absence.

Ms. Figueroa again emailed Mr. McGovern on June 29, 2010, asking him to meet with her and again explaining that she did not currently need medical leave.  Mr. McGovern responded on July 2, 2010, stating that he interpreted her request for future leave as a request for "intermittent" leave and again requesting that she have her doctor complete FMLA and leave of absence forms verifying that she had a "serious health condition."  He did not schedule a specific time to meet with her, although he did tell her to "[c]ontact [him] with any additional questions." *See* First Am. Compl., Ex. B.  Ms. Figueroa alleges that this refusal to allow her to work constituted termination and cites a Department of Labor opinion, which related to her claim for unemployment benefits and in which the DOL found that she was discharged from her employment at Embassy.

Ms. Figueroa's original complaint set forth both interference and retaliation claims under

---

[1] Based on Exhibit A to Ms. Figueroa's Amended Complaint, which contains email correspondence between Ms. Figueroa and Mr. McGovern dated June 23, 2010, it appears that Ms. Figueroa was put on leave on June 22, 2010, or at least was furnished with the FMLA and leave of absence forms on that date.

Case 2:11-cv-01807-GP   Document 23   Filed 09/21/11   Page 3 of 8

the FMLA. Defendants filed a motion to dismiss that pleading, and, rather than respond, Ms. Figueroa filed an amended complaint. In the Amended Complaint, Ms. Figueroa alleges that the Defendants' actions in involuntarily placing her on medical leave and then refusing to reinstate her, to engage in an interactive process with her, or to give her, in writing, their detailed expectations and obligations in accordance with the FMLA interfered with her FMLA rights. Unlike in her original complaint, Ms. Figueroa no longer sets forth a claim for retaliation under the FMLA. Once again, Defendants move to dismiss Ms. Figueroa's FMLA claim. Ms. Figueroa has responded to Defendants' motion, and the issue is ripe for decision.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (alteration in original) (quoting *Conley*, 355 U.S. at 47), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1323 (2011). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). The

question is not whether the claimant will ultimately prevail but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (citation omitted). An assessment of the sufficiency of a complaint is thus "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85 (3d Cir. 2010) (citations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must only consider those facts alleged in the complaint and accept all of those allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Twombly*, 550 U.S. at 555 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). Concomitantly, the Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). Nonetheless, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citing *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d. 902, 906 (3d Cir. 1997).

**III.   DISCUSSION**

The FMLA serves to "balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1) and (2). To that end,

> the FMLA creates a series of prescriptive substantive rights for eligible employees, often referred to as the "entitlement" or "interference" provisions which set floors for employer conduct. Eligible employees "shall be entitled to a total of twelve workweeks of leave during any twelve-month period" if the employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Following a qualified absence, the employee is entitled to be reinstated to the former position or an alternate one with equivalent pay, benefits and working conditions. 29 U.S.C. § 2614(a)(1).

*Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir. 2005) (internal citation omitted).

The parties agree that to state a claim for FMLA interference, a plaintiff must plead that: (1) she was an eligible employee under the FMLA; (2) the defendant-employer was subject to the requirements of the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave notice to the defendant of her intention to take FMLA leave; and (5) she was denied the benefits to which she was entitled under the FMLA. See *Weisman v. Buckingham Twp.*, No. Civ. A. 04-CV-4719, 2005 WL 1406026, *4 (E.D. Pa. June 14, 2005). The parties also do not contest at this time that prongs one and two of this test are satisfied; rather, the dispute lies with the final three elements.

Defendants assert that Ms. Figueroa's "involuntary leave" claim is a novel one, in that the courts of the Third Circuit have not addressed such a claim in reported decisions.[2] They argue that even if such a claim is cognizable, Ms. Figueroa has failed to state an "involuntary leave"

---

[2]   Indeed, in its own case law search, the Court was similarly unable to find any decisions addressing "involuntary leave" claims under the FMLA in this Circuit.

claim as outlined by the circuits which have addressed the issue.³  Ms. Figueroa does not squarely address the "involuntary leave" cases cited by the Defendants, but rather maintains that she has pleaded all of the elements of an interference claim.

Without reaching elements four and five of the acknowledged test for FMLA interference claims or deciding whether to adopt another circuit's framework for "involuntary leave" claims, the Court finds that Ms. Figueroa did not successfully plead the third element of FMLA interference claims–that she was entitled to FMLA leave.  While she did plead that she has chronic health problems, she also pleaded that at the time she was placed on "involuntary leave," she was fully able to work and did not then need a medical leave of absence.  Likewise, she was not requesting a specific future leave.  At most she was anticipating (as, apparently, was the employer) the likelihood of needing to request FMLA leave in the future sometime.  In order to be eligible for FMLA leave due to a serious health condition, an employee must have "a serious health condition *that makes the employee unable to perform the functions of the position of such employee*."  *See* 29 U.S.C.A. § 2612(a)(1)(D) (emphasis added).  Certainly, Ms. Figueroa

---

³  For instance, in *Wysong v. Dow Chemical Company*, 503 F.3d 441 (6th Cir. 2007), the Sixth Circuit Court of Appeals addressed a case in which the plaintiff claimed that her employer violated the FMLA by forcing her to take three days of FMLA leave when she did not need to take FMLA leave.  *Id.* at 448-49.  The court held that in order to state a claim for FMLA interference under an "involuntary leave" theory, employees must allege that the defendant-employer forced them to take FMLA leave when they did not have a "serious health condition" that precluded them from working and that the employees sought and were denied FMLA leave at a later date because they were "wrongfully forced to use FMLA leave in the past."  *See id.* at 449.  In *Wysong*, although the plaintiff did clearly allege that she did not suffer from a serious health condition when she was forced to take leave, the court held that her claim failed as a matter of law because she did not also allege that she later requested and was denied FMLA leave.  *Id.* at 450.  *See also Sista v. CDC Ixis North America*, 445 F.3d 161 (2d Cir. 2006) (holding that the FMLA "does not create a right to be free from suspension with or without pay").


sufficiently pleaded that she had a chronic health condition that could potentially be FMLA-qualifying at some point, but by pleading that she was fully capable of working at the time she was placed on alleged involuntary leave, she essentially admitted that she was not at that time entitled to FMLA leave. Because she was not entitled to FMLA leave, she was also not entitled to the protections of the FMLA.[4]

Moreover, it is clear that allowing Ms. Figueroa to amend her complaint at this juncture on this point would be futile. *See Birchall v. Countrywide Home Loans, Inc.*, Civil Action No. 08-2447, 2009 WL 3822201, *11 (E.D. Pa. Nov. 12, 2009) (noting that "in the interests of efficiency and economy for litigants and the courts, 'a district court justifiably may deny leave to amend on ... the ground that an amendment would be futile'"(quoting *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir.1998))). Simply adding more facts would not revive her claim; Ms. Figueroa would need to affirmatively change the facts that she has currently set forth as true. Should Ms. Figueroa amend to plead that she was, indeed, unable to perform the functions of her job when she was placed on leave, such an allegation would directly conflict with her current allegations (and her claims contemporaneous to the events at issue) that she was fully able to perform her job at the time the Defendants put her on leave and would also defeat her contention that she was entitled to reinstatement because she was fully able to work.

**IV.    CONCLUSION**

For the reasons set forth above, the Court will grant Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint and dismiss Count III of Plaintiff's First Amended

---

[4] Naturally, by holding that her allegations do not state an FMLA claim, the Court expresses no opinion as to whether Ms. Figueroa may be entitled to relief under another statute.

Complaint with prejudice. An appropriate Order follows.

          BY THE COURT:


          <u>S/Gene E.K. Pratter</u>
          GENE E.K. PRATTER
          UNITED STATES DISTRICT JUDGE